HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>             Plaintiff,<br><br>    v.<br><br>A.R.,<br><br>             Defendant. | CASE NO. C13-6041 RBL<br><br>ORDER ON SUMMARY JUDGMENT AND RELATED MOTIONS [DKT'S 21, 24, 26, 33, 37, 43, 45] |

THIS MATTER comes before the Court on Plaintiff Allstate Property and Casualty Insurance Company's Motion for Summary Judgment [Dkt. 21] and Defendant A.R.'s Motion for Summary Judgment: Coverage by Estoppel [Dkt. 24]. In the underlying case, A.R. sued her mother, Sandra Hays, for negligence in permitting her grandfather, Shaw, to molest her. Allstate insured Hays under a homeowner's policy. Allstate seeks a declaratory judgment as a matter of law that it had no duty to indemnify or defend Hays from A.R.'s claims because as Hays's daughter and a resident of Hays's home, A.R. was also an "insured person" under Allstate's policy. In response, A.R. seeks judgment as a matter of law that Allstate is estopped from denying coverage because it

ORDER ON SUMMARY JUDGMENT AND RELATED MOTIONS [DKT'S 21, 24, 26, 33, 37, 43, 45] - 1

breached its duty to defend Hays in bad faith by looking outside A.R.'s complaint to determine that she was also an insured.

## I. BACKGROUND

The facts are undisputed. A.R. is Sandra Hays's adopted daughter and Craig Shaw is Hays's father. Between 2000 and 2003, Shaw repeatedly molested A.R. During that time, A.R. stayed with her mother (Hays), her father, or sometimes with her grandparents, the Shaws.[1]

A.R. sued Hays in state court, claiming that Hays's negligence in allowing A.R. to visit Shaw caused her abuse at his hand. She claimed that Hays should have known that Shaw presented a risk to A.R, because Hays had been abused by Shaw herself.

Hays tendered the defense of A.R.'s claims against her to Allstate under her homeowner's policy. Under that policy Hays is the named insured and any relative who is a resident of her household is also an insured person:

> "Insured person(s)" means you *and if a resident of your household*: a) *any relative*; and b) any dependant person in your care.

Allstate Policy, p.2 [Dkt. 22 Exh. E] (emphasis added).

Allstate's policy required it to defend insured persons against any covered claims and to pay damages for bodily injury arising from an "occurrence." However it does not cover bodily injury to an "insured person:"

**Losses We Do Not Cover Under Coverage X:**

> 2. *We do not cover bodily injury to an insured person* or property damage to property owned by an insured person whenever any benefit of this coverage would accrue directly or indirectly to an insured person.

---

[1] Allstate's Motion to Strike A.R.'s Declaration, in which she describes her living arrangement, [Dkt. 40] is DENIED.

ORDER ON SUMMARY JUDGMENT AND RELATED MOTIONS [DKT'S 21, 24, 26, 33, 37, 43, 45] - 2

Allstate Policy, p.22 [Dkt. 22 Exh. E] (emphasis added).

Allstate reviewed A.R.'s complaint to determine if her claim was covered by the policy. The complaint conceded that A.R. is Hays's relative, but was perhaps intentionally vague about her residence. If she resided with her mother, she was also an insured under the Allstate Policy, and the policy would not cover the claim. To determine her residence, Allstate employees Melissa Hunt and Douglas Foley separately called Hays's personal attorney, Brett Purtzer, to determine whether A.R. lived with Hays when she was abused.[2] Purtzer confirmed that she did.

Based on this confirmation, Allstate determined that A.R. was an "insured person" under the policy, and her claims against Hays were therefore excluded from coverage. It sent Hays a letter declining to defend her on this basis.

As the underlying suit progressed, A.R.'s attorney told Allstate that it did not, and could not, know whether A.R. was a resident of Hays's home. Allstate then provided Hays with a defense, reimbursed her for her prior legal costs, and filed this declaratory judgment action. Allstate now requests summary judgment declaring that it had no duty to defend or indemnify Hays because she was an "insured person" under the policy.[3]

---

[2] A.R.'s Motion to Strike the Declaration of Melissa Hunt [Dkt. 37] is DENIED. The hearsay statements contained in her declaration are statements of a party opponent admissible under Federal Rule of Evidence 801(d)(2).

[3] Allstate also declined to defend Hays because A.R.'s claim arose out of intentional criminal acts. It repeats this argument here. Although the claim is tied to Shaw's intentional acts, A.R.'s claim against Hays alleges negligence. The Policy's intentional acts exclusion does not apply. Insurers have an obligation to defend insured persons from negligence claims even where the claim arises out of the intentional acts of another party. *Unigard Mut. Ins. Co. v. Spokane Sch. Dist. No. 81*, 20 Wn. App. 261

Shortly after Allstate provided a defense, Hays settled with A.R. for a $2,750,000 judgment and an agreement not to execute, and an assignment of her rights against Allstate.[4] A.R. then amended her *state court complaint* against Hays to add Allstate as a defendant, claiming its failure to defend was bad faith, and seeking coverage for her settlement with Hays. A.R. did not file any pleading in *this* declaratory judgment action asserting Allstate's alleged bad faith as an affirmative defense or a counterclaim.

In response to Allstate's dispositive Motion, (and in her own dispositive Motion) A.R. first claims that she was *not* a resident of Hays's household and thus, not an insured person under the Allstate policy. A.R. also claims that Allstate's reliance on information outside the "four corners" of the complaint to deny coverage and a defense was bad faith, and asks this Court to determine as a matter of law that that bad faith estops Allstate from denying coverage.

Allstate points out that A.R. has not filed any pleading in this case alleging bad faith, and argues that its determination that A.R. was an insured under Hays' policy is not bad faith as a matter of law.

## II.   DISCUSSION

### A.   Summary Judgment Standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law.  Once the moving party has satisfied its

---

(1978) (holding that a duty to defend parents for failure to supervise exists where claim arises out of the intentional acts of their child).

[4] Allstate's Motion for Default Against Sandra Hays [Dkt. 26] is DENIED as moot. A.R. is the assignee of Hays's rights against Allstate and Hays has no interest in this litigation.

ORDER ON SUMMARY JUDGMENT AND RELATED MOTIONS [DKT'S 21, 24, 26, 33, 37, 43, 45] - 4

burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the non-moving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

### B. Duty to Defend and Indemnify

Allstate contends that there is no genuine issue of material fact regarding its lack of a duty to defend or indemnify Hays because the policy's definition of "insured person" includes A.R as a matter of law. Therefore, Allstate argues, A.R.'s claims against Hays were not conceivably covered.

Insurance policy interpretation is a question of law. *Overton v. Consolidated Ins.*, 145 Wn.2d 417, 423 (2002). Insurance policies are contracts which are construed as a whole with the terms interpreted in the way that an average insurance buyer would understand. *Id*. If the language is clear and unambiguous, the court must enforce it as written and may not create ambiguity where none exists. *Am. Nat'l Fire Ins. v. B&L Trucking & Constr. Co.*, 134 Wn.2d 413, 419 (1998). Once an interpretation is established for an insurance policy, the court must examine whether or not that interpretation imposes a burden on the insurer.

Determining whether there is a duty to indemnify is a two-step process. *McDonald v. State Farm Fire & Cas.,* 119 Wn.2d 724, 727 (1992).  The insured must first demonstrate that "the loss falls within the scope of the policy's insured losses." *Id.* To avoid coverage, the insurer must then show that the loss is excluded by specific policy language. *Id.* at 728. The duty to defend is broader than the duty to indemnify. *Hayden v. Mutual of Enumclaw Ins.,* 141 Wn.2d 55 (2000).  A duty to defend exists where the complaint against the insured, construed liberally, alleges facts which could impose liability upon the insured within the policy's coverage. *Truck Ins. Exch. v. VanPort Homes*, 147 Wn.2d 751 (2002).  The duty to defend is not, however, limitless.  *E-Z Loader v. Travelers Ins.,* 106 Wn.2d 901, 910 (1986) ("We decline to impose on an insurer coverage of a liability not set forth in the policy"). A claim that is clearly outside the policy's coverage relieves the insurer of its duty to defend. *Woo v. Fireman's Fund Ins. Co.*, 161 Wn.2d 43, 53 (2007). In short, the duty to defend turns on whether the complaint is conceivably covered (*Hayden* at 64) whereas the duty to indemnify turns on whether the facts of the case are actually covered (*American Best Foods v. Alea London*, 168 Wn.2d 398 (2010)).

Allstate argues that A.R. was an "insured person" under Hays's policy and that AR's claims against Hays were therefore not covered by the policy. Under the policy, a relative living with the named insured is also an insured person: "Insured person(s) means you and if a resident of your household: a) any relative[.]"Allstate Policy, p.2 [Dkt. 22 Exh. E]. Hays's homeowner's policy does not cover claims of injury to an insured person: "[w]e do not cover bodily injury to an insured person[.]"Allstate Policy, p.22 [Dkt. 22 Exh. E].

A.R.'s opposition to the motion depends mostly on her claim that she was not a "resident of Hays's household" when she was abused by Shaw. A.R. admits that she sometimes lived with her mother during the abuse, but she claims that she did not always fit the definition of "resident" under the policy. This claim is based on A.R.'s assertion that she also lived with her father and her grandparents during the time she was abused. A.R. mistakenly argues that occasional, temporary absences from Hays's home means that she was not a "resident" of that home.

The term "residence," however, does not have a fixed definition and must be determined by the circumstances. *Pierce v. Aetna Cas. & Sur. Co.*, 29 Wash. App. 32, 36 (1981). A person is not required to physically remain within a household in order to be considered a resident. *Id.* at 37. Among the determining factors are "(1) the intent of the departing person, (2) the formality or informality of the relationship between the person and the members of the household, (3) the relative propinquity[5] of the dwelling units, and (4) the existence of another place of lodging." *Id.* at 38.

Proving residence is not a great burden. Courts have found the residence requirement to be met even where the insured party has left home for military service and gotten married (*American Universal Ins. Co. v. Thompson*, 62 Wash. 2d 595 (1963)), moved into a separate house on the same land (*Workman v. Detroit Auto. Inter-Ins. Exch.*, 404 Mich. 477 (1971)), or left a spouse's home with the mere hope of reconciling (*Hawaiian Ins. & Guar. Co. v. Federated American Ins. Co.,* 13 Wash.App. 7 (1975)).

---

[5] For those not reading with a dictionary in hand it may be helpful to note that "propinquity" here refers to the nearness in place or proximity of the houses and not to their nearness in blood or kinship.

ORDER ON SUMMARY JUDGMENT AND RELATED MOTIONS [DKT'S 21, 24, 26, 33, 37, 43, 45] - 7

A child who lives with each divorced parent at different times can be considered a resident of both houses. *Adams v. Great American Ins. Companies*, 87 Wash. App. 883, 890 (1997). In *Adams*, the divorce required the child to spend time with both parents. The court ruled that all four factors supported the conclusion that the child resided in each home. *Id.* at 889. The child's intent was always to return to each parent's house, he had a familial relationship at both houses, the homes were close enough that he travelled between them, and neither place could be considered the main lodging. *Id.*

It is not debatable that A.R. resided in Hays's home, even if she could also claim to reside with her father or her grandparents. The undisputed facts in this case are very similar to those in *Adams*. Hays had a familial relationship with A.R. Both she and A.R.'s father had joint custody, but A.R. spent the majority of her time with Hays.[6] The fact that A.R. spent time with her father and with her grandparents between 2000 and 2003 does not mean that she stopped residing with Hays. A.R. was able to easily travel between the separate homes and it is clear that either Hays's home or Hays's and A.R.'s father's homes were her main lodging.

Furthermore, and in any event, A.R. has already admitted in the underlying litigation that she was living with her mother—and not with her father or grandparents—when the abuse occurred:

> Hello, my name is [A.R.] and I am 9 years old and live with my mother Sandra, for my parents are divorce and my dad Ken moved to Spokane. My parents first split up when I was five, got a divorce when I was six, then moved to Spokane when I was eight. They had a parenting plan which I was not aware of how it was set up but when he moved to Spokane, our mother had her best friend at the time older children help her

---

[6] Allstate's Motion to Seal [Dkt. 45] is GRANTED. The documents contained in Dkt. 46, including those related to A.R.'s custody are sealed.

ORDER ON SUMMARY JUDGMENT AND RELATED MOTIONS [DKT'S 21, 24, 26, 33, 37, 43, 45] - 8

> watch us kids while she was at work, our aunt help when she could, and our grandmother and grandfather helped as well.

[Dkt. 30, Exh. 1]. A.R. never mentions in her statement that she lived with her father during the time she was abused.

A.R. was Hays's relative and a resident of her home, as a matter of law. A.R.'s claims against Hays fall within the policy's exclusion for coverage of injury to insured persons. Allstate therefore had no duty to defend Hays.

### C. Coverage by Estoppel

A.R.'s own Motion asks the Court to determine as a matter of law that Allstate is estopped from denying coverage even if Hays's policy did not cover her claims. A.R. argues that Allstate breached its duty to Hays by looking outside the "four corners" of the complaint to ascertain whether A.R. was an insured person under the Policy. A.R. asserts that such investigations and denials are bad faith as a matter of law.

A.R. relies mainly on *Woo v. Fireman's Fund Ins. Co*, 161 Wash. 2d 43, 54 (2007), which held that an insurer cannot use extrinsic evidence to deny the duty to defend: "The insurer may not rely on facts extrinsic to the complaint to deny the duty to defend—it may do so only to trigger the duty."

Allstate has one procedural and one substantive response. First, it points out that there is no bad faith claim (whether as an affirmative defense or as a counterclaim) in this case. A.R.'s bad faith allegations against Allstate were made only in her amended state court complaint [Dkt. 22, Exh. C]. Accordingly, A.R.'s motion seeks summary judgment on a question of law that is not before this Court. Based on this argument, Allstate filed a Motion to Strike Defendant A.R.'s Motion for Summary Judgment [Dkt. 33].

ORDER ON SUMMARY JUDGMENT AND RELATED MOTIONS [DKT'S 21, 24, 26, 33, 37, 43, 45] - 9

Summary judgment is not appropriate on claims not brought before this Court. Under Fed. R. Civ. P. 56, summary judgment motions must specify a claim or defense on which judgment is requested: "A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought." If a party wants to assert new claims or defenses, it must amend its original filing:

> At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed.R.Civ.P. 15(a). A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.

*Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004). Though it is true that these sorts of disputes are often resolved on cross motions for summary judgment, that is not the case where the bad faith allegation is not a part of the litigation. Summary judgment cannot be granted on an issue not raised in the pleadings. Allstate's Motion to Strike Defendant A.R.'s Motion for Summary Judgment is GRANTED.

Allstate also argues that its conversation with Purtzer was not bad faith. It claims that an insurer may deny coverage based on an investigation of threshold issues, including who is an "insured person" under its policy.

Although *Woo* holds that an insurer may not deny coverage based on an investigation of the claim, it also holds that there is no duty to defend where the complaint is "clearly not covered by the policy[.]" *Woo*, 161 Wash. 2d at 53-54. In *Hartford Fire Ins. Co. v. Leahy*, 774 F.Supp.2d 1104 (W.D. Wash. 2011) the court held that insurers must be permitted to investigate who was insured under the policy before being required to defend. It is true that in *Hartford*, the permissible investigation was into

the *defendant's* insured status, not the plaintiff's. However, in this context, the principle is similar: making a threshold determination of who is an insured under the policy.

Making such a determination is especially relevant where, as here, the nature of the plaintiff's claim—that her mother failed to protect her—suggests that her mother had the ability to do so, because she lived with her. The outside-the-complaint call to Purtzer only confirmed what the complaint implied, what was indisputably true, and what A.R. admits was true. In this context it was not a breach of Allstate's duty to Hays. A.R.'s Motion for Summary Judgment is DENIED.

### III.   CONCLUSION

Allstate's Motion for Summary Judgment [Dkt. 21] is GRANTED.

A.R.'s Motion for Summary Judgment: Coverage by Estoppel [Dkt. 24] is DENIED.

Allstate's Motion for Default Against Sandra Hays [Dkt. 26] is DENIED.

Allstate's Motion to Strike A.R.'s Summary Judgment Motion [Dkt. 33] is GRANTED.

A.R.'s Motion to Strike Declaration of Melissa Hunt [Dkt. 37] is DENIED.

Allstate's Motion to Strike A.R.'s Declaration [Dkt. 43] is DENIED.

Allstate's Motion to Seal Documents [Dkt. 45] is GRANTED.

IT IS SO ORDERED.

Dated this 21st day of July, 2014.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE